UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DESIGN BASICS, LLC,                              Case No.

        Plaintiff,                              Hon.

v

D.J.W. & ASSOCIATES OF MICHIGAN,
INC., and DONALD J. WHEEKER,

        Defendants,

---

Aaron M. Halvas (P63424)
HALVAS LAW FIRM, PLLC
Attorneys for Plaintiff
2153 Wealthy Street, S.E., Suite 244
East Grand Rapids MI  49506
(616) 295-6471
ahalvas@halvaslaw.com

---

Plaintiff, Design Basics, LLC (hereinafter, "DB") by its attorneys, Halvas Law Firm, PLLC, brings this Complaint against the Defendants, D.J.W. & Associates of Michigan, Inc. (hereinafter "DJW") and Donald J. Wheeker (hereinafter "Wheeker"), and states as follows:

### JURISDICTION AND VENUE

1.    This Complaint is brought pursuant to 17 U.S.C. § 101 *et seq.* (hereinafter referred to as the "Copyright Act" or "Title 17") and 17 U.S.C. § 1202 *et seq.* (hereinafter the "Digital Millennium Copyright Act" or "DMCA").

2.    Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. § 1338.  Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 inasmuch as the claims set forth herein arise under the U.S. Copyright Act.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391(b) and (c) as each of the Defendants reside and/or maintain a principal place of business in this District as more fully set forth below.

## PARTIES

4. Plaintiff, DB is a Nebraska limited liability company engaged in the business of creating, publishing and licensing architectural plans and designs, with its principal office located in Omaha, Nebraska. DB is owned 50/50 by two (2) members, Myles Sherman and Patrick Carmichael. Both Mr. Sherman and Mr. Carmichael are Texas residents.

5. The Defendant, DJW is a for-profit Michigan company with its principal office located at 3282 Lochmore Ct., Commerce Township, Michigan, 48382. DJW is in the business of creating, marketing, publishing, and licensing architectural plans and designs. Service of process may be had upon DJW by serving its Registered Agent, Donald J. Wheeker at 3282 Lochmore Ct., Commerce Township, Michigan, 48382.

6. Defendant Wheeker is an individual residing in Commerce Township, MI, who is an officer, director, manager and/or other principal of the entity Defendants identified in paragraph 5 herein.

## GENERAL ALLEGATIONS

7. DB incorporates by reference paragraphs 1 through 6 as though the same were fully set forth herein.

8. Since the early 1980's, DB has been a major publisher of home plan catalogs. With the advent of the internet, and through DB's marketing of its work through the publishing of its designs on its website and through its marketing partners, DB's designs have become ubiquitous in the marketplace.

9. DB is the sole original author and owner of a large number of architectural works, including those entitled the "2156 Graham," "2207 Manning," "2248 Laverton," "2965 Norton," "3121 Bellamy," "8037 Carriage Hills," and "8084 Brook Valley" (hereinafter collectively referred to as the "Copyrighted Works").

10. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2156 Graham" is attached hereto as Exhibit 1.

11. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2207 Manning" is attached hereto as Exhibit 2.

12. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2248 Laverton" is attached hereto as Exhibit 3.

13. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "2965 Norton" is attached hereto as Exhibit 4.

14. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "3121 Bellamy" is attached hereto as Exhibit 5.

15. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8037 Carriage Hills" is attached hereto as Exhibit 6.

16. A true and correct copy of the Registration Certificate issued by the U.S. Copyright Office for DB's "8084 Brook Valley" is attached hereto as Exhibit 7.

17. On or about January 24, 1996, Defendant Wheeker ordered, and subsequently received, DB's library of home plan books.  The home plan books received by Wheeker contain plan representations for the Copyrighted Works at issue.  A copy of the customer order history is attached hereto as Exhibit 8.

18. On July 16, 2014, DB first became aware that the Defendants had violated their copyrights in one or more distinct ways. Upon investigation, DB saw several infringements of their works on Defendant DJW's website, www.myhomeplans.net, and preserved them by making screen captures. Upon further investigation, Plaintiff discovered that at least seven (7) of DB's plans had been duplicated and placed on Defendant DJW's website for purposes of advertising, marketing, and promotion. Plaintiff preserved these infringing advertisements by making screen captures. The works discovered were:

   a. DB's "2156 Graham," which Defendants refer to as "Thornbury;"
   b. DB has also discovered a second infringement of DB's "2156 Graham," which Defendants refer to as "Lexington;"
   c. DB has also discovered a third infringement of DB's "2156 Graham," which Defendants refer to as "Fullerton;"
   d. DB's "2207 Manning," which Defendants refer to as "Chester;"
   e. DB has also discovered a second infringement of DB's "2207 Manning," which Defendants refer to as "Dogwood;"
   f. DB has also discovered a third infringement of DB's "2207 Manning," which Defendants refer to as "Brookhaven;"
   g. DB's "2248 Laverton," which Defendants refer to as "Waterloo;"
   h. DB's "2965 Norton," which Defendants refer to as "Dexter;"
   i. DB's "3121 Bellamy," which Defendants refer to as "Arcadia;"
   j. DB has also discovered a second infringement of DB's "3121 Bellamy," which Defendants refer to as "Winston;"
   k. DB's "8037 Carriage Hills," which Defendants refer to as "Savannah;" and
   l. DB's "8084 Brook Valley," which Defendants refer to as "Delaney."

19. Defendant DJW and Plaintiff are both members of the American Institute of Building Designers ("AIBD") and National Association of Home Builders ("NAHB"), and over the years both parties have attended many of the various AIBD and NAHB functions. Defendants and Plaintiff are in the same general business of creating, marketing, publishing, and

selling licenses for architectural works and designs, and compete for customers in the same geographic area. Additionally, both Defendants' and Plaintiff's home plans have been regularly published through the years by Glaringhouse, Dream Home Source, Homestyles, HomePlanners, National Plan, Better Homes and Gardens and BUILDER Magazine. Moreover, one or more of the floor plans and elevations of the Plaintiff's works at issue in this case were within one or more of these publications.

20. In addition to creating and publishing infringing copies of Plaintiff's copyright protected works on Defendant DJW's website for purposes of advertising, marketing and promotion, on information and belief, one or more of the Defendants, realized profits attributable from licensing these infringing copies to their customers. Upon information and belief, through selling licenses of these infringing works, Defendants distributed unauthorized copies of Plaintiff's works for the purpose of constructing one or more three-dimensional infringing copies (houses) of these works.

21. Inasmuch as Wheeker is the principal, owner, officer, director, and/or manager of the entity Defendant, and/or otherwise had control of it, at the time the entity Defendant first infringed Plaintiff's works, upon information and belief, Wheeker had knowledge of the entity Defendant's infringing activities and/or benefited therefrom by providing creative, management, appraisal, advertising, marketing, sales and/or other services in furtherance of the entity Defendant's copying, marketing, publishing, and sale of the infringing works.

22. The conduct of the entity Defendant described above, was performed or accomplished through the direction, control and conduct of Wheeker personally, as principal, owner, officer, director and/or manager of the entity Defendant. Wheeker had the ability to prevent the Defendant entity from infringing Plaintiff's works, and/or to stop the infringements

once they began.  Additionally, upon information and belief Wheeker received pecuniary benefit from the acts of infringement by the entity Defendant.  Accordingly, Wheeker is personally liable to Plaintiff as a joint and/or contributory infringer, or is otherwise vicariously liable.

23.     The illicit acts of the Defendants, described in paragraphs 17 through 21 above were done without permission or license from Plaintiffs, and are in violation of Plaintiff's exclusive copyrights in said works.

24.     Upon information and belief, Defendants have infringed Plaintiff's copyrights in other original architectural works, the scope and breadth of which infringing activities will be ascertained during the course of discovery.

## CAUSES OF ACTION FOR WILLFUL COPYRIGHT INFRINGEMENT

### COUNT I

25.     DB incorporates by reference paragraphs 1 through 24 as though the same were fully set forth herein.

26.     Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 9 through 16 above  by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and upon information and belief have done so with others of DB's works which are as yet undiscovered.

### COUNT II

27.     DB incorporates by reference paragraphs 1 through 26 as though the same were fully set forth herein.

28.     Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 9 through 16 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or

derivatives thereof, in violation of 17 U.S.C. §106(5), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT III

29. DB incorporates by reference paragraphs 1 through 28 as though the same were fully set forth herein.

30. Defendants willfully infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 9 through 16 above by distributing unauthorized copies and/or derivatives of Plaintiff's works for the purpose of creating fully constructed residences in violation of 17 U.S.C. §106(2), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT IV

31. DB incorporates by reference paragraphs 1 through 30 as though the same were fully set forth herein.

32. Defendants willfully infringed DB's copyrights in one or more of the works identified and described in paragraphs 9 through 16 above by materially contributing to the creation of derivatives of DB's works in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of their works which are as yet undiscovered.

## ALTERNATIVE CAUSES OF ACTION FOR NON-WILLFUL COPYRIGHT INFRINGEMENT

## COUNT V

33. DB incorporates by reference paragraphs 1 through 32 as though the same were fully set forth herein.

34. Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 9 through 16 above, by scanning, copying, and/or reproducing unauthorized copies thereof, in violation of 17 U.S.C. §106(1), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT VI

35. DB incorporates by reference paragraphs 1 through 34 as though the same were fully set forth herein.

36. Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of DB's works identified and described in paragraphs 9 through 16 above by publicly displaying, on their web site(s) and elsewhere, for purposes of advertising and marketing, unauthorized copies or derivatives thereof, in violation of 17 U.S.C. §106(5), and upon information and belief, have done so with others of DB's works which are as yet undiscovered.

## COUNT VII

37. DB incorporates by reference paragraphs 1 through 36 as though the same were fully set forth herein.

38. Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of the works identified and described in paragraphs 9 through 16 above by distributing unauthorized copies and/or derivatives of DB's works for the purpose of creating fully constructed residences, in violation of 17 U.S.C. §106(3), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

**COUNT VIII**

39. DB incorporates by reference paragraphs 1 through 38 as though the same were fully set forth herein.

40. Alternatively, Defendants, without knowledge or intent, infringed DB's copyrights in one or more of the works identified and described in paragraphs 9 through 16 above by materially contributing to the creation of derivatives of DB's works in the form of two dimensional plans and fully constructed residences in violation of 17 U.S.C. §106(2), and on information and belief, have done so with others of DB's works which are as yet undiscovered.

**VIOLATIONS OF DMCA § 1202**

**COUNT IX**

41. DB incorporates by reference paragraphs 1 through 40 as though the same were fully set forth herein.

42. Additionally and alternatively, one or more of the Defendants violated §1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1202.

43. In creating the drawings identified above, one or more of said Defendants intentionally removed and/or omitted DB's copyright management information, or had them removed and/or omitted from copies of DB's works.

44. One or more of the Defendants thereafter distributed copies and/or derivatives of such works, knowing that such copyright management information had been removed and/or omitted without authorization.

45. At the time said Defendants removed and/or omitted DB's copyright management information from copies of the works, and at the time Defendants distributed copies of the works from which the copyright management information had been removed and/or omitted, said

Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of DB's copyrighted works.

46. DB is entitled and seeks to recover from Defendants statutory damages not exceeding $25,000 for each act committed in violation of their rights under 17 U.S.C. §1202, *et seq*.

47. Pursuant to 17 U.S.C. §1203(b)(5), DB is entitled to and seeks to recover their reasonable attorneys' fees.

## RELIEF REQUESTED

WHEREFORE, in addition to and without limiting any of the remedies sought and described above, DB is entitled to and respectfully requests that a judgment be entered in its favor and against the Defendants jointly and severally, ordering the following additional relief:

A. An accounting by Defendants of their activities in connection with their infringements of DB's copyrights in and to the above-described works, as well as of the gross profits and revenue attributable to their infringement(s);

B. An award of DB's actual damages, in an amount to be determined at trial;

C. For Defendants' direct and indirect profits attributable to their infringements, including but not limited to those direct and indirect profits derived from the construction, advertising, promotion, marketing, appraisal and sale of infringing structures by Defendants' customers in an amount to be determined at trial;

D. In the alternative, at DB's option, an award of statutory damages in lieu of actual damages for the infringement of any one or more of their works described above, in an amount to be determined at trial;

E. An award of statutory damages for each and every violation by Defendants of the DMCA, 17 U.S.C. §1202, *et seq.*;

F. An award of DB's actual attorney fees, court costs, taxable costs, and the cost associated with the retention, preparation and testimony of expert witnesses;

G. For both temporary and permanent injunctions barring Defendants, their agents, employees and/or servants, from infringing DB's copyrights in any manner whatsoever, including the advertising, marketing, construction, and sale of infringing structures, and further barring said Defendants from publishing through any visual media, and from selling, marketing or otherwise distributing copies of DB's plans and/or derivatives thereof;

H. An order requiring Defendants to produce, for impounding during the pendency of this action and for destruction thereafter, all house plans and elevations which infringe DB's copyrights, including all photographs, blueprints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all machines and devices by which such infringing copies may be reproduced, viewed or disseminated, which are in the possession of, or under the direct or indirect control of the Defendants;

I. An order permanently enjoining the current owners of all infringing structures sold by Defendants from leasing, renting, selling and/or otherwise placing into the stream of commerce the infringing structures, based upon the application of the first sale doctrine; and

J. For such other relief as the Court determines to be just and equitable.

## JURY DEMAND

Plaintiff, Design Basics, LLC, demands its constitutional right to trial by jury.

**HALVAS LAW FIRM, PLLC**
Attorneys for Plaintiff Design Basics, LLC

/s/ Aaron M. Halvas
Dated:  July 12, 2017         By:_____
Aaron M. Halvas (P63424)

**BUSINESS ADDRESS & TELEPHONE:**
2153 Wealthy Street, S.E., Ste. 244
East Grand Rapids, MI  49506
(616) 295-6471

11