UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| DESIGN BASICS, LLC, | Case No. 2:17-cv-12272 |
| Plaintiff, | Hon. Stephen J. Murphy, III |
| | Mag. Stephanie Dawkins Davis |
| v | |
| D.J.W. & ASSOCIATES OF MICHIGAN, INC., and DONALD J. WHEEKER, | |
| Defendants, | |

---

Aaron M. Halvas (P63424)
HALVAS LAW FIRM, PLLC
Attorneys for Plaintiff
2153 Wealthy Street, S.E., Suite 244
East Grand Rapids MI  49506
(616) 295-6471
ahalvas@halvaslaw.com

John M. Halan (P37616)
Robert C. Brandenburg (P28660)
BROOKS KUSHMAN P.C.
Attorneys for Defendants
1000 Town Center, Twenty-Second Floor
Southfield, MI 48075
(248) 358-4400
jhalan@brookskushman.com
rbrandenburg@brookskushman.com

---

### PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT DJW & ASSOCIATES OF MICHIGAN, INC.'SMOTION TO COMPEL DISCOVERY (DKT. 15)

Plaintiff, Design Basics, LLC, through its counsel, Halvas Law Firm, PLLC, respectfully requests that the Court deny Defendant DJW & Associates of Michigan, Inc.'s Motion to Compel Discovery (Dkt. 15) (hereinafter "Defendant's Motion to Compel") for the reasons set forth in its attached Brief in Opposition, as well as those set forth in its responses to written discovery, copies of which are attached to Defendants' Motion to Compel as Exhibits 3 and 4. On October 5, 2018, Plaintiff separately filed Plaintiff's Motion to Compel Discovery and for Modification of the Scheduling Order (Dkt. 16, PageID 229-35)

## BRIEF IN OPPOSITION

The Court should note that Plaintiff's counsel has worked with defense counsel, and continues to do so, in an effort to supplement discovery and minimize the issues before the Court. Moreover, many of the requests at issue seek information which is exclusively within Defendants possession and control.

## INTERROGATORIES

Interrogatories 1 and 2:

Plaintiff has responded to these interrogatories in good faith and believes the responses are complete and accurate under applicable 6th Circuit law. (*See* Defendant's Motion to Compel, Exhibit 3, pp. 1-4). *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003); *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 302 F. Supp. 3d 933, 939-46 (N.D. Ohio 2018).

Interrogatories 5, 6, 13, and 14:

Plaintiff appropriately responded to these interrogatories based on the information it had in its possession. (*See* Defendant's Motion to Compel, Exhibit 3, pp. 7-8). Other than Plaintiff's licensing prices, which Plaintiff's counsel informed defense counsel are public record available for each of the plans at issue on Plaintiff's website, the documents necessary to analyze damages are in the possession of the Defendants. Despite this, and as noted in Defendants' Motion to Compel (*see* Defendants' Motion to Compel, p. 4), Plaintiff has agreed to also produce copies of the pricing sheets and is in the process of gathering those documents. Moreover, all Plaintiff has at this point is the word of defense counsel that the Defendants never sold any of the plans at issue to any third-party, including contractors/builders or potential homeowners. Plaintiff has preserved the deposition of Mr. Wheeker, which will be helpful in gathering additional damage information, including but not limited to, any sales (Interrogatories 5-6 and 13), as well as the

facts specific to the removal of CMI and/or the listing of the designs on Defendant's website without CMI attached (Interrogatory 14). However, the parties agreed to adjourn the deposition pending the Court's ruling on the parties' respective motions to compel discovery since Plaintiff is seeking production or inspection of Defendants' plan library to fully determine the scope of the infringements at issue prior to any depositions. Plaintiff has no objection to supplementing these interrogatories as additional information is learned through discovery.

## REQUESTS TO PRODUCE

Document Request No. 7:

Plaintiff stands on its objection that the request as drafted is overbroad, unduly burdensome, and irrelevant to the facts at issue in this case. As Plaintiff's counsel reads the request it seeks all documents related to any preexisting work known to the individuals that were in any way involved in designing each of the plans at issue. If Defendants are attempting to determine if the plans at issue are derivative, at a minimum the request should be limited in scope to documents related in some way to the plans at issue. The request is clearly overbroad as drafted. (*See* Defendant's Motion to Compel, Exhibit 4, p. 3).

Document Requests 9, 10, 13 and 14:

Plaintiff has produced documents responsive to these requests, including applicable assignments. (*See* Defendant's Motion to Compel, Exhibit 4, p. 4).

Document Requests 15, 16, and 18:

Plaintiff stands on its objections and documents produced. (*See* Defendant's Motion to Compel, Exhibit 4, pp. 6-7).

3

Document Requests 22 and 23:

Plaintiff stands on its objections and documents produced.  (*See* Defendant's Motion to Compel, Exhibit 4, pp. 8-9).

Document Request 24:

Plaintiff stands on its objections and documents produced.  (*See* Defendant's Motion to Compel, Exhibit 4, p. 9).

Document Requests 25 and 26:

Plaintiff stands on its objections and documents produced.  (*See* Defendant's Motion to Compel, Exhibit 4, pp. 9-10).

Document Request 28:

Plaintiff stands on its objections and documents produced.  (*See* Defendant's Motion to Compel, Exhibit 4, p. 10).

Document Request 29:

Plaintiff stands on its objections and documents produced.  (*See* Defendant's Motion to Compel, Exhibit 4, p. 11).

Document Request 32:

Plaintiff stands on its objections and documents produced.  (*See* Defendant's Motion to Compel, Exhibit 4, p. 11).

Document Request 33:

Plaintiff stands on its objections and documents produced.  (*See* Defendant's Motion to Compel, Exhibit 4, pp. 11-12).

Document Requests 34-37, 39-44:

Plaintiff stands on its objections and documents produced based on its knowledge at the time.  (*See* Defendant's Motion to Compel, Exhibit 4, pp. 12-15).  As noted herein, Plaintiff has preserved the deposition of Mr. Wheeker, however, the parties agreed to adjourn the deposition pending the Court's ruling on the parties' respective motions to compel discovery since Plaintiff is seeking production or inspection of Defendants' plan library to fully determine the scope of the infringements at issue prior to any depositions.  Plaintiff has no objection to supplementing these interrogatories as additional information is learned through discovery.

Document Requests 45-48:

Plaintiff stands on its objections and documents produced based on its knowledge at the time.  (*See* Defendant's Motion to Compel, Exhibit 4, pp. 15-16).  Other than Plaintiff's licensing prices, which Plaintiff's counsel informed defense counsel are public record available for each of the plans at issue through Plaintiff's website, the documents necessary to analyze damages are in the possession of the Defendants.  Despite this, and as noted in Defendants' Motion to Compel (*see* Defendants' Motion to Compel, p. 4), Plaintiff has agreed to also produce copies of the pricing sheets and is in the process of gathering those documents.  As noted herein, Plaintiff has preserved the deposition of Mr. Wheeker, however, the parties agreed to adjourn the deposition pending the Court's ruling on the parties' respective motions to compel discovery since Plaintiff is seeking production or inspection of Defendants' plan library to fully determine the scope of the infringements at issue prior to any depositions.  Plaintiff has no objection to supplementing these interrogatories as additional information is learned through discovery.

## **CONCLUSION**

For the reasons set forth herein, as well as those set forth in Plaintiff's responses to the written discovery at issue (attached to Defendants' Motion to Compel as Exhibits 3 and 4), the Court should deny Defendant's Motion to Compel.  As noted above, Plaintiff has no objection to supplementing its responses and/or production as additional information is made available through discovery or as ordered by the Court.  As set forth more fully in Plaintiff's Motion to Compel Discovery and for Modification of the Scheduling Order (Dkt. 16, PageID 229-35), Plaintiff also requests an appropriate extension of the Scheduling Order (Dkt. 12, PageID 118-19) dates to allow for the parties to finalize discovery and do necessary follow-up discovery to the additional disclosures.

**HALVAS LAW FIRM, PLLC**
Attorneys for Plaintiffs

Dated:   October 11, 2018

/s/ Aaron M. Halvas
By:_____
Aaron M. Halvas (P63424)

**BUSINESS ADDRESS & TELEPHONE:**
2153 Wealthy Street, S.E., Ste. 244
East Grand Rapids, MI  49506
(616) 295-6471

**CERTIFICATE OF SERVICE**

I certify that on October 11, 2018 the foregoing document was served on all parties or their counsel of record via email, as well as a copy via the United States mail, postage prepaid, to their address of record.

By: /s/ Aaron M. Halvas
_____
Aaron M. Halvas (P-63424)
ahalvas@silvervanessen.com
HALVAS LAW FIRM, PLLC
2153 Wealthy Street, N.E., Ste. 244
East Grand Rapids, MI 49506
(616) 295-6471