UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESIGN BASICS, LLC                                    Case No. 17-12272

            Plaintiff,                             Stephen J. Murphy
v.                                                    United States District Judge

DJW & ASSOCIATES OF MICHIGAN,                         Stephanie Dawkins Davis
INC., *et al*,                                        United States Magistrate Judge

            Defendants.
_____/

**ORDER ON DEFENDANT'S MOTION TO COMPEL (Dkt. 15)**
**AND PLAINTIFF'S MOTION TO COMPEL (Dkt. 16)**

## I.    BACKGROUND

Plaintiff Design Basics, LLC ("DB") is a company that creates and markets single and multi-family architectural works (alternately "plans") in the United States.  The plans were traditionally marketed through DB's house plan catalogs and magazines sold in retail outlets and by telephone mail orders.  With the advent of the internet, DB established its own website and extended its marketing efforts to include internet marketing.  Builders and home owners can pay a fee to copy or modify a particular DB architectural work and provide it to a contractor or sub-contractor to construct a house based upon the work.  DB says all of the plans it offers for license are registered with the U.S. Copyright office before or at the same time they are first published.

In this lawsuit, DB claims that defendants D.J.W. & Associates of Michigan, Inc. and its owner Donald J. Wheeker (collectively "DJW") infringed the copyrights of nine of DB's house plans and that DJW violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202.  The parties have exchanged discovery in the form of interrogatories and requests for production of documents which are the subject of cross-motions to compel.  (Dkts. 15 and 16).  The Court held a hearing on the matter, and having taken the matter under advisement rules as follows.

## II.    LAW AND ANALYSIS

The Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case.  Rule 26 authorizes relatively expansive discovery, subject to the considerations set forth in Rule 26(b)(1).  The trial court has broad discretion over discovery matters.[1] *Trepel v. Roadway Express*, *Inc*., 194 F.3d 708 (6th Cir. 1999).  The Rule provides that a party may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* Thus,

---

[1] In deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and her order is overruled if the district court finds an abuse of discretion.  12 Wright, Miller & Marcus, Federal Practice and Procedure § 3069, 350 n. 20 (2d ed. 1997 & Supp. 2010) (citing cases).  An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *Todd v. RBS Citizens, N.A.*, 2010 WL 3943545, at *2 (W.D. Mich. 2010) (citing *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993)).

objections based on a claim that a discovery request is not "reasonably calculated to lead to admissible evidence" rely on an outdated standard.  Nor does that standard provide persuasive support in favor of a particular discovery request. In assessing proportionality as it relates to disputed discovery requests the court should look to:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*State Farm Mut. Auto Ins. Co. v. Pointe Physical Therapy*, *LLC*, 255 F. Supp. 3d 700, 704) (quoting *Rockwell Med.*, *Inc. v. Richmond Bros.*, *Inc.*, 2017 WL 1361129, at *1 (E.D. Mich. 2017) (quoting Fed.R.Civ.P. 26(b)(1)).

A.    Defendants' Motion to Compel (Dkt. 15)

At issue in DJW's motion to compel against DB are interrogatories (Ints.) 1, 2, 5, 6, 13 and 14 and requests for production (RFP) 7, 9-10, 13-16, 18, 22-26, 28-29, 32-37 and 39-48.  In its response to defendants' motion, plaintiff indicated that it would supplement its responses to interrogatories 5, 6, 13 and 14.  And in the parties joint statement, DB further clarified that it could supplement once certain other discovery, including the deposition of defendant Wheeker, has been completed.  Thus, accepting DB's concession in this regard, it must supplement its

responses to Ints. 5, 6, 13 and 14 in accordance with the deadline set forth at the conclusion of this order.

        1.    <u>Interrogatories</u>

Regarding Ints. 1 and 2, DJW complains that DB's response is insufficiently specific.  DJW argues that under *Kohus v. Mariol*, DB must establish "which aspects of the artists' work, if any, are protectible by copyright."  328 F.3d 843, 853 (6th Cir. 2003).  DJW contends that plaintiff's response fails to provide the particularity necessary to meet the *Kohus* standard and fails to identify which features in defendant's allegedly offending plans correspond to protectable elements in DB's works.  The first point is better made in the context of a dispositive motion.  DJW's argument appears essentially to be that the response provided is insufficient for DB to sustain its claim.  Whether that is in fact the case is immaterial to the question before the Court, that is, whether DB has sufficiently answered the interrogatories.  As to Int. 1 the answer is yes.  DB has identified what it is complaining comprises the protectable aspects of the works it says DJW infringed and represents that it is not claiming that individual standard features are protectable.  As to Int. 2, the answer, however, is no.  Int. 2 requires DB to identify "where each protectable element Design Basic work is found in the same or substantially similar form in the DJW work."  Rather than responding in a manner that sets forth each DB element that is found to be the same or substantially similar

in an offending DJW work, DB responds in the same general fashion that it did in response to Int. 1.  The response is not helpful to DJW's reasonable effort to parse which protectable elements line up with which feature(s) of a particular DB plan.  Therefore, DB must supplement its response to Int. 2 to specify which elements of which DJW plans are alleged to infringe on which protectable elements of which DB works.

### 2.  Requests for Production

DJW also takes issue with DB's production pertaining to RFPs 7, 9 10, 13-16, 18, 22-26, 28-19, 32-37 and 39-48.  At the hearing on this matter, DB indicated that it does not object to providing supplemental responses for RFPs 34-37, 39-44 and 45-48.  Therefore, it must do so in accordance with the deadline set forth at the close of this order.

DB says that RFP 7, which asks for "all documents related to preexisting works known to the persons involved in designing each of the asserted works or any work from which an assert (sic) work was derived" relating to any claimed protectable element is overbroad as drafted, and the Court agrees.  While some subset of the documents sought in this request are likely relevant to this case, all of them are not.  And defendants have made no suggestions for paring the request to focus on the specific types of documents it is seeking (e.g. prior drafts of the works, communications relating to specialized features, etc.).  The task of tracking

down every document known to every individual involved in designing the subject

plans some of which are apparently decades old, without more specific parameters,

is both unwieldy and unduly burdensome given the matters at stake in this

litigation.  Inasmuch as DJW is in the best position to tailor its requests to meet the

needs of its defense, but has failed to do so, the Court declines to plumb further

meaning out of the request to refashion it to comport with Rule 26(b)(1).  To the

extent that DJW is trying to determine whether the protectable elements of the

infringed plans are derivative, DB's suggestion that the request be limited to

documents relating to the specific plans at issue in this litigation seems reasonable.

Therefore, DB must supplement its response by producing documents within its

possession, custody or control relating to the design of the asserted works,

including documents that reference the source of claimed protectable elements of

the asserted works.

Regarding RFPs 9, 10, 13 and 14, DJW's sole argument is that the

documents sought are relevant and DB's objections should be overruled.  DB

responds that it has produced responsive documents.  DJW's argument is wholly

lacking in guiding the Court to an understanding of how or why it claims DB's

production is insufficient.  The Court can make neither head nor tails of

defendant's complaint in this regard.  Therefore, DB will not be required to make

any further production for these requests.

RFPs 15, 16 and 18 seek documents relating to the destruction of any evidence that may have been responsive to the stated requests.  RFP 18 specifically references documents relating to a January 2010 flood.  DB objects to the requests on the grounds that they are irrelevant, unduly burdensome and overbroad. Without waiving its objections, it apparently provided documents in response to RFPs 15 and 16 and states that some of the information requested in RFP 18 is available in the public record.  The Court will require no more.

DJW suggests that the requested information goes to the issue of spoliation, but such a claim is questionable given the time that transpired between the 2010 flood and the facts giving rise to the instant complaint.  Indeed, the infringement here is alleged to have been discovered some four years later in July 2014.  (Dkt. 1, ¶ 18).  The destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in a pending or reasonably foreseeable litigation, otherwise known as spoliation, can result in sanctions if the evidence-seeking party shows three things: (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a "culpable state of mind"; and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.  *See Adkins v. Wolever*, 692 F.3d 499, 503-04 (6th Cir. 2012) (quoting *Beaven v. United States Dept. of*

*Justice*, 622 F.3d 540, 553-54 (6th Cir. 2010)).  The "culpable state of mind" factor

is satisfied by a showing that the evidence was destroyed knowingly, even if

without intent to [breach the duty to preserve it], or negligently. . . ."  *Beaven v.*

*United Stated Dep't of Justice*, 622 F.3d 540, 554 (6th Cir. 2010) (quoting

*Residential Funding Corp. v. DeGeorge Fin. Corp*., 306 F.3d 99, 108 (2d Cir.

2002)).  There is little to no likelihood that DJW can show that evidence destroyed

in a flood four years before DB's discovery of DJW's alleged infringement is

enough to establish that DB had a culpable state of mind.  And plaintiff has

proffered no argument to explain why the documents that were otherwise, in fact,

produced in response are insufficient.  Therefore, DB will not be required to make

any further production for these requests.

DJW's argument relating to the remaining RFPs in dispute, Nos. 22-26, 28-

29 and 32-33 is largely the same for all:  the information requested is proper and

the objections should be overruled.  Likewise, DB's objections also are fairly

uniform for all; it states that the information sought is irrelevant to the facts at issue

in this case and the requests are overbroad, unduly burdensome, and not

proportional to the needs of this suit.  Without waiving its objection, DB goes on to

produce some documents.  In its reply brief, DJW also points out that the

production it has received is largely undifferentiated, i.e. DB has not designated

which Bates Numbers correspond to which requests.  DJW's motion, again, fails to

illuminate the nature of the insufficiency of the production.  Given its broadly-worded requests, the Court is disinclined to overrule DB's objections.  However, in a case where relatively voluminous documents have been produced, it is reasonable to expect that the production will be accompanied by an explanation of which Bates-numbered documents go with which requests.  Therefore, DB must supplement its responses with such a list.

> B.   Design Basic's Motion to Compel (Dkt. 16)

Design Basics has brought its own motion to compel, seeking further responses to its requests for documents.  In particular, DB is dissatisfied with DJW's response to its RFP 2 which seeks DJW's original CAD files for each and every residential house design that any defendant has drafted, drawn or otherwise created since March 31, 2006.  DB insists that this information is necessary to assess the extent of DJW's infringing behavior as well as pertinent information regarding the accused plans.  DJW protests that the request is significantly tardy given that the deadline for amendment of pleadings without leave of court expired some nine months before DB filed its motion, and the request amounts to a fishing expedition in that it seeks information far beyond what DB has pleaded in its complaint.  The undersigned agrees on both counts.  The Court's scheduling order allowed amendments without leave of court up until March 12, 2018 and set the parties' discovery deadline at October 5, 2018.  DB filed its motion on the

discovery deadline date (a 7-month differential rather than 9).  It claims that it

discovered two additional infringing plans on DJW's website, but it provides no

explanation as to why it waited until the date discovery closed to file its motion –

particularly when DJW served its responses to this discovery on April 19, 2018.

(Dkt. 16-5, Pg ID 272).  The timing of DB's motion does not demonstrate

vigilance in resolving discovery matters.  In general, a district court does not abuse

its discretion by denying an untimely discovery motion that violates unambiguous

discovery deadlines.  *See Spurlock v. Whitley*, 79 Fed. Appx. 837, 839 (6th Cir.

2003) (per curiam) (affirming denial of discovery where plaintiff had ample

opportunity during discovery period to examine documents at issue); *Kalis v.

Colgate-Palmolive Co.,* 231 F.3d 1049, 1058 (7th Cir. 2000) (finding no abuse of

discretion in denying motion to compel filed after discovery closed and summary

judgment motion was filed); *Ginett v. Fed. Express Corp.*, 166 F.3d 1213, 1998

WL 777998, at *5 (6th Cir. 1998) (table) (affirming denial of motion to compel

where plaintiff failed to move before discovery deadline).

     In *West v. Lake State Ry. Co.*, 2017 WL 5034459, at *1 (E.D. Mich. May 31,

2017), the Court denied defendant's motion to compel as untimely where

discovery closed on May 15, 2017, the motion was filed on May 17th, and the

defendant had over eight months after the scheduling order was issued to conduct

discovery.  "In numerous cases, courts have denied tardy discovery motions that

were filed after the close of discovery, especially where the moving party had all the information it needed to timely file the discovery motion, and its late filing would prejudice the non-moving party." *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200 (E.D. Mich. 2002) (collecting cases).  Furthermore, "The scope of discovery is, of course, within the broad discretion of the trial court.  An order denying further discovery will be grounds for reversal only if it was an abuse of discretion resulting in substantial prejudice." *Callidus Capital Corp. v. FCA Grp.*, 2018 WL 1556231, at \*2 (E.D. Mich. Mar. 30, 2018) (quoting *Pearce v. Chrysler Grp.*, *LLC Pension Plan*, 615 Fed. Appx. 342, 350 (6th Cir. 2015)).

The Court notes that Fed. R. Civ. P. 37, which addresses redress for discovery deficiencies, provides no deadline for the filing of a motion to compel, and neither did this Court's scheduling order.  However, since discovery was to have been completed by October 5, 2018, it follows that any motion compelling it should have occurred before the deadline.  Fed. R. Civ. P. 16(b) authorizes the Court to modify a scheduling order "upon a showing of good cause." *See Santifer v. Inergy Automotive Systems, LLC*, 2016 WL 4011268, at \*2 (E.D. Mich. July 27, 2016) (holding that untimely motions to compel are to be analyzed under the good cause standard in Fed. R. Civ. P. 16(b)).  The factors for a court to consider when determining whether to modify a discovery schedule, include "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the

discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to ... prior discovery requests." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).  Applying those factors here, plaintiff does not indicate when it discovered the two additional infringing plans on DJW's website, but it knew that DJW had only provided CAD files on the 12 accused plans as early as April 19, 2018.  Moreover, it is hard to view DB's motion as anything beyond a fishing expedition.  The matters at stake in this litigation pertain to the 12 plans that are identified in DB's complaint as infringing.  While even as modified, Rule 26(b)(1) allows for relatively expansive discovery, its contours are not limitless.  And expanding plaintiff's discovery to matters well outside the scope of the claims stated and at this late stage in the proceedings is inappropriate.  Further, requiring the broad discovery that DB seeks would likely necessitate, a perhaps lengthy, reopening of discovery when the parties were already afforded an 8-month discovery period from February to October of 2018.  Finally, all indications are that DJW did provide the requested CAD files for the accused plans listed in the complaint.  Thus, based on the overbreadth of the request and its tardiness, the Court denies DB's motion as it pertains to RFP 2.

    In their joint statement of unresolved issues, the parties indicated that they would work together to resolve the remaining issues of DB's motion – all of which

concerned supplementation of DJW's responses to RFPs 5 and 11, and Ints. 6, 7 and 12 – once the parties' other discovery issues were resolved.  Therefore, the Court will rely on the representation of the parties in that regard.

Finally, DB requests a modification of the scheduling order to allow the parties to conclude the discovery at issue in these two motions (Dkts. 15 and 16). Notably, the parties agreed to hold off on at least one deposition pending resolution of the motions.  The Court has ordered limited supplementation in relation to DJW's motion to compel and is unconvinced that additional follow-up discovery will be needed.  Therefore, to allow time for the supplementation ordered and for any previously agreed upon but delayed deposition(s), the Court finds that a brief window of time, namely <u>21 days from entry of this order</u>, is appropriate to accomplish these tasks.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains

in full force and effect unless and until it is stayed by the magistrate judge or a

district judge.  E.D. Mich. Local Rule 72.2.

Date: August 6, 2019                    s/Stephanie Dawkins Davis
                                        Stephanie Dawkins Davis
                                        United States Magistrate Judge